## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**HAROLD PARKER, ET AL.**

**v.**                                                                     **C.A. No.  10-040 ML**

**ASHBEL T. WALL, ET AL.**

### REPORT AND RECOMMENDATION

Presently before the Court is a motion filed by plaintiff Harold Parker, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (Docket # 6).  This matter has been referred to me for determination.  However, upon screening the Complaint filed in this action (the "Complaint" or "Cmpt.") (Docket # 1) pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation.  For the reasons stated below, I recommend that the Complaint be DISMISSED and Parker's motion to proceed *in forma pauperis* be DENIED.

### PROCEDURAL BACKGROUND

Parker, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed the Complaint alleging that various ACI administrators and corrections officers violated his civil rights (the "Complaint" or "Cmpt.") (Docket # 1).  Initially, another ACI inmate, Raymond Clements (incorrectly spelled "Clemmens" in the Complaint), was named as a plaintiff; however, on March 17, 2010, the Court granted Clements's motion to voluntarily withdraw (Docket # 14). On September 20, 2010, Parker filed a notice to voluntarily dismiss all defendants other than Steven Cabral (Docket # 15).  Thereafter, on September 28, 2010, the Court entered the voluntary dismissal and terminated all defendants with the exception of Cabral as defendants in this action.  Accordingly, the only claims remaining in the Complaint are those alleged against Cabral.

### FACTUAL BACKGROUND

The following facts alleged in the Complaint are taken as true for purposes of this Report and Recommendation.

Defendant Cabral is an ACI investigator who investigates gang activity and other issues. Cmpt., p. 2. On October 7, 2008, prison guards erroneously charged Parker and Clements with

vandalizing state property. *Id.* at p. 8. A defendant (unnamed) falsely claimed to have seen Parker destroy the property, but failed to apprise Parker of his rights in connection with the allegation against him. *Id.* Another defendant (unnamed) filed three separate disciplinary reports regarding the incident, rather than one report, in order to increase the punishment Parker would receive. *Id.* A discipline board found Parker guilty despite there being no evidence against him (he was never shown video footage of him vandalizing the state property). *Id.* at pp. 8-9. Parker was required to pay $345.55 restitution and was initially given 90 days of segregation, which was later reduced to 30 days in segregation. *Id.*

Further, although, as stated above, the Complaint does not identify which defendant falsely claimed to have seen Parker destroy the property and which defendant filed the three reports against Parker, the Complaint implies that Cabral acted improperly in connection with the incident. Specifically, the Complaint states that, from October 7, 2008 (the date of the incident) until November 6, 2008 (the date Parker was released from segregation), Cabral "knowingly allowed his subordinates and himself to intentionally willfully inflict mental stress anguish causeing [sic] cruel and unusual punishment on both plaintiffs providing false verbal and documentive [sic] evidence to his superior. And no physical evidence." *Id.* at p. 12.

## DISCUSSION

### I.   Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines, *inter alia*, that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Fridman v. City of N.Y.*, 195 F.Supp.2d 534, 538 (S.D.N.Y. 2002). In order to survive a Rule 12(b)(6) motion a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, *see Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009), and review pleadings of a *pro se* plaintiff liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct.

285 (1976).  However, the Court need not credit bald assertions or unverifiable conclusions.  *See Iqbal,* 129 S.Ct. at 1949.

**II.     § 1983 Standard**

Plaintiff asserts his claims pursuant to § 1983, the Federal Civil Rights Act.  In order to prevail under § 1983, a plaintiff must demonstrate "(i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of a right secured by the Constitution or laws of the United States." *Chongris v. Bd. of Appeals of Andover*, 811 F.2d 36, 40 (1st Cir. 1987).  Here, although Cabral acted under color of state law, I find Parker has not alleged facts demonstrating that Cabral violated Parker's constitutional rights.

**III.    Claims**

The Complaint specifically alleges that Cabral provided false evidence against Parker, presumably in connection with the vandalism charges against Parker.  The Complaint claims that Cabral's actions, which presumably contributed to Parker suffering 30 days in segregation, the imposition of restitution, and mental anguish, violated Parker's rights.  Specifically, the Complaint alleges Cabral violated Parker's rights (i) to be free from cruel and unusual punishment under the Eighth Amendment and (ii) to procedural due process under the Fourteenth Amendment.  However, as set forth below, the allegations in the Complaint, even when read in the light most favorable to Parker, fail to establish such violations.

**A.  Eighth Amendment**

The Eighth Amendment prohibits "cruel and unusual punishments," and "it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(quoting *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)).  Prison officials must provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." Id., 511 U.S. at 832 (citation omitted).  To allege an Eighth Amendment claim, a plaintiff must plead facts which establish both an objective component, that he was forced to endure "extreme deprivations" beyond the bounds of human decency, and a subjective component, that the defendant acted with "deliberate indifference" to such conditions. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).

Here, assuming for purposes of this screening that Cabral's actions subjected Parker to 30 days in segregation, restitution, and resulting mental anguish, such conditions, which are imposed on prisoners on a regular basis, are not "extreme deprivations" beyond the bounds of

human decency. *Id.* Accordingly, the allegations in the Complaint against Cabral are not sufficiently serious to satisfy the objective component of the Eighth Amendment test. I therefore find that the Complaint fails to state an Eighth Amendment claim on which relief may be granted against Cabral, and recommend that such claims be dismissed.

### B.      Fourteenth Amendment

Parker also suggests that Cabral violated his rights to due process under the Fourteenth Amendment. In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Here plaintiff does not demonstrate such a violation.

#### 1.      No Violation of a Liberty Interest

First, a prisoner does not have a free standing liberty interest in not having a false disciplinary charge leveled against him. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2[d] Cir. 1986); *cf. Suprenant v. Rivas*, 424 F.3d 5, 13-14 (1st Cir. 2005). Thus, to the extent Parker asserts claims against Cabral for allegedly asserting or filing false disciplinary charges against him, Parker's claims are insufficient to state a due process violation.

Second, to the extent Parker is alleging an interference with a liberty interest due to his temporary confinement in segregation resulting from the false disciplinary charges, his claim also fails. While a state may create liberty interests that are protected by the Due Process Clause, these interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Connor,* 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)(punitive segregation for a term of 30 days does not trigger the protections of the Due Process Clause because it is not an atypical and significant hardship in relation to the ordinary incidents of prison life). Here, plaintiff has no liberty interest in avoiding 30 days of segregation, and, thus, fails to state a claim on which relief may be granted under the Due Process Clause. *See id.*; *Williams v. Wall*, No. 06-012, 2006 WL 2854296, at *3 (D.R.I. Oct. 04, 2006)(21 days of segregation at ACI fails to implicate liberty interest).

#### 2.      No Violation of a Property Interest

Parker's allegations that Cabral's provision of false evidence, leading to a restitution requirement imposed on Parker, violated Parker's property rights in his ACI trust account also fail to state a cognizable claim. Although prisoners have a protected interest in their personal

property, including their prison trust account, *see Barber v. Wall*, No. 01-026, 2002 WL 1888981, at * 3 (D.R.I.   July 16, 2002), *aff'd*, 66 Fed.Appx. 215 (1st Cir. 2003), not all deprivations of property absent adequate procedural protections rise to the level of a constitutional violation.  Specifically, as established by the *Parratt-Hudson* doctrine, "[w]hen a deprivation of a property interest is occasioned by *random and unauthorized conduct by state officials, ...* the due process inquiry is limited to the issue of the adequacy of the postdeprivation remedies provided by the state." *Hadfield v. McDonough*, 407 F.3d 11, 19 (1st Cir. 2005) (internal quotations and citation omitted)(emphasis added); *see also Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S.Ct. 1908 (1981). And, the plaintiff has the burden of establishing that post-deprivation remedies are unavailable. *Riordan v. Martin*, 51 F.3d 264, at *1 (1st Cir. 1995).

Here, Cabral's alleged actions were random and unauthorized and the state of Rhode Island provides post-deprivation state remedies for property loss claims, *see Pelumi v. Landry*, No. 08-84, 2008 WL 2660968, at * 3 (D.R.I. June 30, 2008)(post-deprivation tort remedies available under Rhode Island law for property loss claim against state official); *Botelho v. Wall*, No. 05-338, 2006 WL 760596, * 3 (D.R.I. Feb. 16, 2006)(where Rhode Island prisoner alleged a wrongful deduction from his inmate account fund, there was no due process violation because prisoner could bring a state-court tort action against the defendant)(Report & Recommendation) *adopted*, 2006 WL 889208 (D.R.I. Mar. 29, 2006)).  Therefore, Parker does not have a viable procedural due process claim regarding the restitution he was required to pay.

Further, to the extent Parker alleges that Cabral should be held liable for failing to read him his rights and provide him with a criminal trial prior to imposing a restitution requirement on him, such claim also fails.  First, the Complaint does not adequately describe Cabral's role in the disciplinary proceedings against Parker.   Second, despite Parker's contention otherwise, the Fourteenth Amendment does not require a prison to seek a criminal restitution order or a civil tort judgment before imposing a restitution requirement on a prisoner in connection with damage to prison property. *See Barber*, 2002 WL 1888981, at * 3-4.

### 3.   No Due Process Violation

For the foregoing reasons, I find that the Complaint fails to allege a Fourteenth Amendment due process claim against Cabral on which relief may be granted with respect to either Parker's liberty or property interests, and I recommend that such claims be dismissed.

## CONCLUSION

In summary, I find that the Complaint fails to state any claims on which relief may be granted against defendant Steven Cabral, and recommend the claims alleged against him be DISMISSED.   Accordingly, as Cabral is the only defendant remaining in this action, I further recommend that Parker's motion to proceed *in forma pauperis* be DENIED and the action be DISMISSED in its entirety.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b).   Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir. 1980).


Jacob Hagopian
Senior United States Magistrate Judge
October 5, 2010